

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable O.J.S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-2356
Re: Authority of the Texas Prison
Board to convey a pipe line
easement across one of the pri-
son farms under its jurisdic-
tion.

We are in receipt of your letter of May 11, 1940, where-
in you request the opinion of this Department as to the author-
ity of the Texas Prison Board to permit the construction of a
pipe line across the Clemens State Farm in Brazoria County.
We quote from your letter as follows:

"The Latex Construction Company, General
Contractors, Houston, Texas, are seeking right
of way easements for a pipe line they propose
to build for the Dow Chemical Co. between Bay
City and Freeport, Texas.

"The route of this line will cross proper-
ty of the Texas Prison System in Brazoria County,
which is the Clemens State Farm, in the John and
Sterling McNeel surveys, a distance of 10,800 feet,
or 654.5 rods. They wish to pay a consideration
of $.50 per rod for this right of way easement,
or $327.25. The easement calls for the laying of
a second line upon payment of a like consideration;
and they also agree to pay damages to crops, and
to lay the line 18" below the ground so it will
not interfere in any manner with cultivation.

"At its regular bi-monthly on May 6th the
Texas Prison Board agreed to permit the construc-
tion of this pipe line, provided it met with the
approval of the Attorney General."

It is elementary, of course, that an easement consti-
tutes an interest in land and that whatever authority or power
the Texas Prison Board would have to convey such an easement,

would depend, in the absence of any specific provision to that effect, upon its authority in general to convey the land, or any portion therof, under its jurisdiction.

The Texas Prison Board is a state agency, in the nature of a quasi-corporation, created and employed by the state for the purpose of carrying out the duty of the state to incarcerate and care for persons convicted of crime in this state. It is a component part of the state and derives all of its power and authority by delegation from the state. See 37 Tex. Jur. p. 65.

Like similar subordinate state agencies, such as counties, townships and school districts, it has no power or duties except those which are clearly set forth and defined by the Constitution and statutes of the state. Edwards County vs. Jennings, (Civ. App. 1895) 33 S.W. 585; Stratton vs. Commissioners' Court (Civ. App., San Antonio, 1911), 137 S.W. 1170; 11 Tex. Jur. 563, ¶ 36; 1 Dillon Muni. Corps., ¶ 25. Any ambiguity or reasonable doubt as to the existence of a power in such board to convey its property is to be resolved against the existence of such power.

Unless specifically authorized by the Constitution or statutes, such state agencies have no power or authority to convey any of the property placed under their jurisdiction for the purpose of carrying out the duties delegated to them. When authorized by statute to convey such property, such state agencies must do so strictly in the manner provided. Crouch vs. Posey, (Civ. App. 5th Dis. 1902), 59 S.W. 1001; 37 Tex. Jur. 950, ¶ 81.

Whatever power or authority the Texas Prison Board has to dispose of any of its property, is to be found under title 108, Articles 6166 through 6203g, Vernon's Annotated Statutes. We have carefully examined the various statutes under this title and have found none which specifically authorized, or may be construed to authorize, the Texas Prison Board to make the conveyance contemplated.

We have given special consideration to Articles 6166o, 6203a, and 6203d.

Article 6166o authorizes the Prison Board to lease real estate for agricultural and grazing purposes.

Article 6203a confers upon the Board for Lease of Texas Prison Lands, composed of the Commissioner of the General Land Office, the Attorney General and the Chairman of the Prison Board, the authority to lease Texas Prison Lands, for oil and gas development.

Article 6203d authorizes the Prison Board to grant right-of-way easements for irrigation canals, ditches, etc., to persons or companies engaged in the irrigation business.

We have also examined Article 6020a which authorizes the Land Commissioner to grant pipeline right-of-way easements over unsold public free school land, bays, inlets, marshes and reefs owned by the State within tidewater limits, and that portion of the Gulf of Mexico within the jurisdiction of Texas. This Statute is obviously inapplicable.

Therefore, you are respectfully advised, and it is the opinion of this department, that the Texas Prison Board does not have authority to convey the proposed easement to the Latex Construction Company.

Trusting that we have sufficiently answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By: s/Peter Maniscalco
Assistant

PM:JM:rt:wc

APPROVED JUN 8, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved: Opinion Committee By: BWB, Chairman